JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEREK W. CORNELIUS and SI03, INC.

**DEFENDANTS**
JOSHUA KUNNMANN

**(b)** County of Residence of First Listed Plaintiff: Cape Girardeau
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Montgomery
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas B. Fiddler, Esquire
White and Williams LLP, 1650 Market St., One Liberty Place, Suite 1800
Philadelphia, PA 19103/(215) 864-7081

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
|  | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdiction statutes unless diversity):
15 U.S.C. § 1125(a)
Brief description of cause:
False representations regarding quality of goods and services.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: April 9, 2012
SIGNATURE OF ATTORNEY OF RECORD: /s/ Thos. B. Fiddler

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

9112080v.1

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
                                                                                                       Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   Derek W. Cornelius, 4711 Nash Road, Scott City, MO 63780; SI03, Inc., 4711 Nash Road, Scott City, MO 63780

Address of Defendant:   Joshua Kunnmann, 739 Woodbrook Lane, Plymouth Meeting, PA

Place of Accident, Incident or Transaction:   Cape Girardeau, Missouri
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Security Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (please specify – Lanham Act)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All Other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, Thomas B. Fiddler _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:   April 9, 2012   Thomas B. Fiddler   59123
                         Attorney-at-Law    Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   April 9, 2012   Thomas B. Fiddler   59123
                         Attorney-at-Law    Attorney I.D. #

CIV. 609 (6/08)

9112096v.1

UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF PENNSYLVANIA

DEREK W. CORNELIUS and SI03, INC.     :
                                      :
           v.                         :
                                      :
JOSHUA KUNNMANN                       :

## DISCLOSURE STATEMENT FORM

Please check one box:

☒   The nongovernmental corporate party, SI03, Inc., in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐   The nongovernmental corporate party,          , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% of its stock:

April 9, 2012                                     _____
Date                                              Signature

                                                  Counsel for:   Plaintiffs

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)   Who Must File: Nongovernmental Corporate Party.  A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b)   Time for Filing; Supplemental Filing.  A party must:

(1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

(2)   promptly file a supplemental statement upon any change in the information that the statement requires.

1514420v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DEREK W. CORNELIUS and SI03, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| JOSHUA KUNNMANN | : | |
| | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                     ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.                                     ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                     ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                     ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.                                     (X)

| | | |
|---|---|---|
| April 9, 2012 | Thomas B. Fiddler | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (215) 864-7081 | (215) 789-7564 | fiddlert@whiteandwilliams.com |
| **Telephone** | **Fax Number** | **E-mail Address** |

9112071v.1

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

    (a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e) Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

  Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

9112071v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK W. CORNELIUS<br>4711 Nash Road<br>Scott City, MO 63780.<br><br>and<br><br>SI03, INC.,<br>4711 Nash Road<br>Scott City, MO 63780.<br><br>       Plaintiffs,<br><br>  v.<br><br>JOSHUA KUNNMANN,<br>739 Woodbrook Lane<br>Plymouth Meeting, PA<br><br>       Defendant. | Civil Action<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

COME NOW plaintiffs, by and through counsel, and for their cause of action against defendant, and states to the court as follows:

### THE PARTIES

1. Plaintiff Derek W. Cornelius ("Cornelius") is, and at all times relevant herein was, an individual residing at 4711 Nash Road, Scott City, in the County of Cape Girardeau, State of Missouri.

2. Plaintiff SI03, Inc. ("SI03") is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4711 Nash Road, Scott City, in the County of Cape Girardeau, State of Missouri.

3. SI03 is, and at all times relevant herein was, in the business of the manufacture and marketing of a line of nutraceutical products, specifically utilized for athletic enhancement, equilibrium, fat loss, and maintaining basic nutrition.

4. Cornelius is an independent consultant for SI03, and was previously the founder and owner of Syntrax Innovations, Inc. ("Syntrax Innovations") which was in the same industry as SI03.

5. Defendant Joshua Kunnmann ("Kunnmann") is an adult individual, residing at 739 Woodbrook Lane, Plymouth Meeting, PA.

## JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 as to Count I, and pursuant to 28 U.S.C. §§ 1332, 1367 as to the remaining state law counts.

7. This Court has personal jurisdiction over the defendant in that the defendant is a resident of the Commonwealth of Pennsylvania.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that defendant resides at 739 Woodbrook Lane, Plymouth Meeting, PA, located within this District.

## JURY TRIAL DEMANDED

9. Plaintiffs hereby demand trial by jury on all counts and all issues triable by jury.

## FACTS COMMON TO ALL COUNTS

10. Syntrax Innovations developed the trademark Syntrax as a house mark for most of its products ("the Syntrax Mark").

11. On or about January 2, 2004, Syntrax Innovations sold most of its assets, including all of its trademarks and the goodwill associated therewith, to SI03.

12. Bodybuilding.com, LLC (hereinafter "Bodybuilding.com") operates an internet site at www.bodybuilding.com which is a market place for the sale of nutraceuticals such as the kind manufactured by SI03 and the defendant.

13. As part of that internet site, there are public forums which permit members of the public, including representatives of competitors, to post comments and discuss available products (hereinafter "the Bodybuilding.com Forums").

14. Defendant engaged in a pattern and practice to repeatedly post libelous statements in the Bodybuilding.com Forums which were false and tended to expose plaintiffs to hatred, contempt or ridicule, and which mischaracterize the nature of SI03's products.

15. Upon information and belief, a user of the Bodybuilding.com Forums retains the ability to delete posts he or she previously made for 48 hours, but can thereafter request from a moderator of such forum that a post of his or her be deleted, which requests are ordinarily granted.

16. Upon information and belief, Defendant, for commercial purposes of promoting competitive products, Defendant, using the pseudonym "Illadelphia" made a series of false, deceptive, and slanderous statements about Plaintiffs.

17. On December 7, 2009 at 5:25 p.m. "Illadelphia" posted to the Bodybuilding.com Forums the following libelous statement in response to a post about SI03: "The company is full of scumbags. When one of their products Lipokinetix was deemed unsafe and toxic the owner produced more of it in a hurry to beat the upcoming litigation. When several memebrs [sic] of this site spoke against the company, they sued them. Syntrax is a pos company."

18. On January 19, 2010 at 9:55 p.m. "Illadelphia" posted to the Bodybuilding.com Forums the following libelous statement in response to a post about SI03: "Syntrax's owner Derek Cornelius found out that his product 'Lipokenetix' was causing liver failure in people using it.

Did he stop production and recall the bottles? No, like the scumbag he is, he increased production to churn out as many as possible. When people started to catch wind of it and spoke out, he sued them."

19. On July 4, 2010 at 9:14 p.m. "Illadelphia" posted to the Bodybuilding.com Forums the following libelous statement in response to a post about SI03: "Shame they sued board members here for speaking out against their products that were killing people."

20. On August 8, 2010 at 9:41 p.m. "Illadelphia" posted to the Bodybuilding.com Forums the following libelous statement in response to a post about SI03: "You would support a company that knowingly ramped production on a fat burner that was killing people?"

21. On April 9, 2011 at 7:28 p.m. "Illadelphia" posted to the Bodybuilding.com Forums the following libelous statement in response to a post about SI03: "please don't use Syntrax. They produced a product called Lipokinetix, which caused liver failure in users. When the owner Derek Cornelius got word that this was happening, he increased the amount produced (sell more before the roof collapses)."

22. The posts by Defendant "Illadelphia" were therefore available for review by the public with the appearance that "Illadelphia" was a representative of PCI.

23. Defendant's actions have caused plaintiffs to sustain damages in an amount yet to be determined, but believed to be in excess of $150,000 in compensatory damages.

24. Defendant's actions underlying these claims are malicious, intentional, willful, deliberate, wanton, and /or reckless and warrant the imposition of punitive damages.

### COUNT I – Violation of the Lanham Act § 43(a) – 15 U.S.C. § 1125(a)

25. Plaintiff SI03 incorporates by reference paragraphs 1 through 24 of the Complaint as if fully set forth herein.

Page 4

9111998v.1

26. Defendant has and continues to make false and misleading statements about SI03's products on commercial Internet forums in violation of 15 U.S.C. § 1125(a).

27. Defendant's use of the statements described above are false or misleading and deceive, confuse, or are likely to confuse, a substantial segment of their intended audience in that they falsely portray SI03's products as dangerous to consumers, and misrepresent the nature, qualities, and characteristics of SI03's products and commercial activities.

28. Defendant's false and misleading statements in commercial postings have been disseminated to the public at large, which includes customers and potential customers of defendants and SI03 alike.

29. The false and misleading statements described above were made by defendant.

30. Defendant's false and misleading statements were, are, and continued to be undertaken in bad faith.

31. Defendant's false and misleading statements were, are, and continued to be made intentionally and willfully with a reckless disregard for the rights of SI03.

32. Defendant's acts and omissions have caused and are continuing to cause damage to SI03's business reputation and goodwill and were and continue to be conducted knowingly and willfully by defendant. Therefore, under principles of equity, SI03 is entitled to recover the following, all as provided for under 15 U.S.C. § 1117(a): (1) defendant's profits from sales of products he has sold in competition with SI03 since August 8, 2010; (2) the costs of the action as provided under 15 U.S.C. § 1117(a), and (3) attorneys' fees as a required result of a finding that this is an exceptional case pursuant to 15 U.S.C.

WHEREFORE, Plaintiff prays the Court for its judgment:

A. An order requiring defendant to compensate SI03 for its corrective advertising;

B. An injunction prohibiting defendant from making further false statements about plaintiffs

C. An award to Plaintiff in an amount equal to defendant's profits from sales of products it has sold in competition with SI03 since August 8, 2010;

D. An award of Awarding Plaintiff its costs;

E. A determination that this is an exceptional case and awarding Plaintiff SI03 its attorneys' fees; and

F. For such other relief as the Court deems just and reasonable.

### COUNT II – Slander *Per Se*

33. Each Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendant's statements accused each Plaintiff of a serious crime; to wit premeditated murder by ramping up production and selling a product that they knew was killing people.

35. Defendant's statements tended to degrade each Plaintiff.

36. As such, Defendant's statements constitute defamation *per se* as to each Plaintiff.

37. Defendant is presumed to have acted with malice and Plaintiff is presumed to have suffered damages.

38. Defendant's conduct justifies the imposition of punitive damages.

WHEREFORE Plaintiffs Derek W. Cornelius and SI03, Inc. each pray the Court for judgment against defendant:

    A.    An award in an amount equal to their respective compensatory damages in excess of $150,000;

    B.    An award of punitive damages in an amount that this Court deems to be just and proper;

    C.    An award of its costs; and

    D.    For such other and further relief as the Court may deem just and proper.

Dated:  April 9, 2012

> WHITE AND WILLIAMS LLP
>
> /s/ Thomas B. Fiddler
> Thomas B. Fiddler
> Siobhan Cole
> 1650 Market Street
> One Liberty Place, Suite 1800
> Philadelphia, PA 19103-7395
> 215-864-7000
> 215-789-7564
> fiddlert@whitandwilliams.com
> coles@whiteandwilliams.com
>
> OF COUNSEL:
>
> LAW OFFICES OF THOMAS DEGROOT, LLC
> Thomas DeGroot
> Two CityPlace Drive, Suite 200
> St. Louis, MO 63141
> 314-812-2668
> 314-812-2505 facsimile
> tom@degrootlaw.net
>
> Attorneys for Plaintiffs

9111998v.1